THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CALVIN GREEN, Respondent. [944 NYS2d 561]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.),

entered on or about June 3, 2011, which granted defendant's motion to suppress physical evidence, unanimously reversed, on the law and the facts, the motion denied and the matter remitted for further proceedings.

The testimony credited by the hearing court established that defendant gave the police implicit consent to search his bag. In the presence of officers who were conducting an investigation, defendant's mother called defendant into the living room and asked him if it was true that he was keeping firearms in the apartment. Defendant admitted that this was true, and that the weapons were in his bedroom. Defendant took an officer into his bedroom, pulled out a bag and placed it on top of his bed. The officer then opened it and found the weapons.

The only reasonable interpretation of defendant's course of conduct was that he was voluntarily surrendering the bag to the police, or at least offering it up for inspection. This was an implied consent to look inside the bag and confirm the presence of the weapons that defendant had already admitted possessing (*see People v Smith*, 239 AD2d 219 [1997], *lv denied* 90 NY2d 911 [1997]; *United States v Reynolds*, 646 F3d 63, 73 [1st Cir 2011]).

In light of the foregoing, we do not reach the People's alternate contention. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 31 Misc 3d 1238(A), 2011 NY Slip Op 51039(U).]**